IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAWN CLARKE SPOTTSWOOD,

                      Plaintiff,

  v.

DUSTY SCOTT MILLER,

                      Defendant.

OPINION and ORDER

23-cv-606-wmc

---

      Plaintiff Shawn Clarke Spottswood alleges that defendant Dusty Scott Miller drove negligently and caused a car accident that severely injured Spottswood and destroyed his car and other personal belongings. He is proceeding against Miller on a Wisconsin state-law negligence claim. Dkt. 1 at 2. Both parties are representing themselves, and this case is in federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1)—meaning that Spottswood and Miller are citizens of different states and Spottswood is seeking more than $75,000 in damages.

      This order addresses Spottswood's motion for various forms of relief, Dkt. 19, including that I recuse myself, that the court enter judgment in his favor as a sanction, that he be provided a transcript of the preliminary pretrial conference, and that he be allowed leave to amend. This order also addresses his motion for a subpoena. Dkt. 20. For the following reasons, these motions are DENIED.

ANALYSIS

A.  **Motion for various types of relief**, Dkt. 19.

   1.  **Recusal and default judgment**

Spottswood filed a motion requesting various forms of relief.  First, he requests that I recuse myself as the referral magistrate judge.  As the referral magistrate judge, I generally have the authority to address non-dispositive pretrial matters that do not dispose of a party's claim or defense.  28 U.S.C. § 636(b)(A).  It is for the presiding judge, Judge Conley, to address issues that touch on the merits of Spottswood's claim or that could change the scope of the case.

I am required to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned" and when I have "a personal bias or prejudice concerning a party."  28 U.S.C. § 455.  I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal where, as here, justification is lacking.  *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986).

Spottswood claims that I showed "partiality" during the conference by "counseling the defendant and telling him to shut up when he was talking openly about police reports."  Dkt. 19 at 1.  The purpose of the conference was to set the case schedule and to discuss the discovery process with the parties.  At the end of the call, Miller questioned Spottswood's assertion that an officer had lied in a police report.  I did not allow Miller to continue this line of questioning because any discussion between the parties on that topic would have fallen outside the purpose of the conference.  Rather, questioning on that topic was more appropriate for discovery.  To the extent Spottswood merely disagrees with that course of action, or any of my rulings, that does not warrant recusal.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).  And, as noted, I will not be making any merits-based decisions in his lawsuit.  To the extent

2

Spottswood wants Judge Conley to rule on this request, there is no basis for this relief because he has not filed an affidavit containing "facts that are sufficiently definite and particular to convince a reasonable person that [I am] bias[ed against him]." *See Jones v. Bayler*, No. 22-1296, 2023 WL 3646069, at *4 (7th Cir. May 25, 2023); *see also Liteky*, 510 U.S. at 555.

Spottswood also argues that I failed to acknowledge his motion asking the court to award judgment in his favor as a sanction for Miller filing his answer late and failing to serve Spottswood with a copy. But I addressed this motion at the conference. I noted that Miller's answer was two days late, but I also noted that there was no real prejudice from this delay. I also explained that Spottswood had not followed proper procedure by first moving the clerk for an entry of default judgment under Federal Rule of Civil Procedure 55(a). Regardless, I found that such a motion would now be moot because Miller had answered and appeared in the case and was no longer in default.

I then explained to Miller how to file documents with the court going forward and instructed him to send copies of his court filings to Spottswood, who gave Miller a preferred mailing address. Miller represents that he has since mailed Spottswood a copy of the answer. *See* Dkt. 26-1.

None of the issues Spottswood raises are ones that would cause someone to reasonably question my impartiality or show that I have a personal bias or prejudice concerning either party in this case, *see* 28 U.S.C. § 455, so there is no basis to recuse myself.

### 2. Request for a transcript

Relatedly, Spottswood requests a transcript of the preliminary pretrial conference. Even though Spottswood is proceeding in forma pauperis, he is not entitled to a free transcript at this stage. Under 28 U.S.C. § 753(f), a party proceeding in forma pauperis is entitled to a free

3

transcript only after the "trial judge or a circuit judge certifies that the suit or appeal is not frivolous (but presents a substantial question)." Spottswood is not seeking a transcript in pursuit of an appeal.

Because this was a recorded telephonic proceeding, Spottswood may order a transcript from a court reporter for a fee, or he may purchase a copy of the audio file from the clerk's office for $34.00.[1] He should be aware that the recording would be for his own use only and cannot be used as the official record of the proceeding like a transcript could be.

### 3. Leave to amend the complaint

Spottswood states that he needs to amend his complaint to add additional allegations and defendants. During the conference, I declined to give him a deadline to amend without leave of court because he said he wanted to include new allegations and new defendants, and such an amendment would require screening by the court. Because Spottswood has since filed a proposed amended complaint that is under advisement for screening, any request for a leave-to-amend deadline is moot. Dkt. 21.

**B. Motion for issuance of a subpoena, Dkt. 20.**

Spottswood asks the court to issue subpoenas to the New Richman Police Department and the St. Croix County Sheriff's Department to produce all police documents, reports, photos, and video related to the car accident underlying this lawsuit. *See* Dkt. 20 & Dkt. 20-1 at 3, 5. Subpoenas to nonparties are governed by Federal Rule of Civil Procedure 45, which requires the court to make sure the requesting party has "take[n] reasonable steps to avoid imposing undue burden or expense" on the subpoenaed party. Fed. R. Civ. P. 45(d)(1). Here,

---

[1] I will mail Spottswood a copy of the court's fee schedule with this order as well as a copy of the court's information on transcripts, including transcript costs.

Miller indicates that he has sent Spottswood photos, videos, and accident reports from the New Richmond Police Department and the St. Croix County Sheriff's Department. Dkt. 26. The court also has received copies of these materials. Spottswood's subpoenas seek duplicative information. For this reason, his request for these subpoenas is denied.

Spottswood also requests a subpoena for New Richman Hospital for medical records related to his treatment after the accident. Dkt. 20-1 at 1. Again, Rule 45 requires the party responsible for issuing and serving a subpoena to take "reasonable steps" to avoid imposing "undue burden" and expense on nonparties. Spottswood does not explain why he cannot obtain a copy of his own medical records, so I will deny this request as well. He may renew this request if he has been unable to obtain his relevant medical records on his own.

As discovery continues, if Spottswood believes that Miller has not produced all relevant, requested discovery materials, or if the parties have any other disputes over discovery, the parties must meet and confer about the dispute in good faith and seek court intervention if those efforts fail. *See* Fed. R. Civ. P. 37(a) (a motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery).

Spottswood's motion to amend his complaint, Dkt. 21, and motion for summary judgment, Dkt. 25, remain under advisement with the court. Judge Conley will address them in a separate order.

ORDER

IT IS ORDERED that:

1. Plaintiff Shawn Clarke Spottswood's motion for recusal, default, and sanctions, Dkt. 19, is DENIED.

2. Plaintiff's motion for issuance of subpoenas, Dkt. 20, is DENIED.

Entered August 22, 2025.

                              BY THE COURT:

                              /s/
                              _____
                              ANITA MARIE BOOR
                              Magistrate Judge